UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KEON L. BOGGS,<br><br>        Plaintiff,<br><br>v.<br><br>HOTEL 821 WASHINGTON,<br><br>        Defendant. | Civil Action No. 1:24-cv-12860-JDH |

**ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION**

HEDGES, M.J.

### I. BACKGROUND

On November 12, 2024, the Court received Keon L. Boggs's complaint and application to proceed *in forma pauperis*. Docket Nos. 1, 2.[1] Mr. Boggs, who is self-represented, invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332 and brings this action against Defendant "Hotel 821 Washington" for a "refund" which was "never received." Docket No. 1, Complaint ("Compl.") at 1, ¶ II(A).

On November 27, 2024, the Court granted Mr. Boggs's motion for leave to proceed *in forma pauperis* and found that even when applying the generous review standard afforded to *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Mr. Boggs's complaint failed to provide a sufficient basis for subject matter jurisdiction. Docket No. 4. Mr. Boggs does not

---

[1] The Clerk opened a civil action, and the case was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. Docket No. 3.

provide the address or citizenship of the defendant.[2]  Compl. at ¶ I(B).  While the Court cannot

determine whether there is diversity of citizenship between the parties, *see* 28 U.S.C. §

1332(a)(1), the amount in controversy asserted in this action ($10,000)[3] is well-below the

$75,000 requirement.  *See id.* at § 1332(a).  To the extent Mr. Boggs seeks to assert federal

question jurisdiction, he does not identify any claims that arise "under the Constitution, laws or

treaties of the United States" nor does he seek to redress "any right privilege or immunity

secured by the Constitution of the United States or by any Act of Congress."  28 U.S.C. §§ 1331,

1343(3).

However, because "[d]efective allegations of jurisdiction may be amended," 28 U.S.C. §

1653, the Court ordered that if Mr. Boggs wishes to proceed with this action, he must, on or

before January 3, 2025, file an amended complaint that sets forth a basis for this Court's subject

matter jurisdiction.  *Id*.  The Order further explained that failure to comply with the Order may

result in dismissal of this action pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

*Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-

matter jurisdiction, the court must dismiss the action."); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st

Cir. 2004).

Mr. Boggs has not responded to the Court's Order and the time to do so has expired.

---

[2] Mr. Boggs appears to have incorrectly listed himself as both the plaintiff and the defendant in this action.  Compl. at 1-2.  However, in the case caption of the Complaint, Mr. Boggs identifies the defendant as "Hotel 821 Washington."  *Id.* at 1.

[3] The Court notes that the amount in controversy requirement of 28 U.S.C. § 1332 was once $10,000.  *See* Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, § 201, 102 Stat. 4642 (1988).

**II.    ORDER**

The Court directs the case to be returned to the Clerk's Office for REASSIGNMENT to a

District Judge for further proceedings.

**III.    RECOMMENDATION**

For the reasons set forth above, this Court RECOMMENDS that the District Judge

DISMISS this action pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.[4]


SO ORDERED.

Dated: January 21, 2025                             /s/ Jessica D. Hedges
                                                    United States Magistrate Judge

---

[4] The parties are advised that under the provisions of Federal Rule Civil Procedure 72(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Santos-Santos v. Torres-Centeno,* 842 F.3d 163, 168 (1st Cir. 2016); *see also Keating v. Sec'y of Health & Human Servs.,* 848 F.2d 271, 275 (1st Cir.1988). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b).